## JAMES ROBBINS, Respondent, v. WASHBURN CHIPMAN and W. H. CHIPMAN, Appellants.

1. Sale of Personal Property—Not Complete when.—A. and B. owned a large flock of sheep in partnership. A. agreed to sell a portion thereof to C., but did not deliver the same to C.; nor were any particular sheep marked, designated, or ascertained. *Held*, That the sale was not complete, and until there was a designation or delivery of the sheep sold, the contract remained executory, and no property in the sheep passes to the purchaser.

2. Rollins *v.* Chipman, 1 Utah, 335, affirmed..

Appeal from the First Judicial District Court.

The case is reported in 1 Utah, 335. Respondent filed a petition for a rehearing.

*Hoge & Jonnassen*, for respondent.

"A. sells eighty quarters of barley to B., but does not specifically appropriate any quarters. B. sells sixty of the eighty quarters to C. C. informs A., who assents to the transfer. C., being satisfied with this, says nothing further to B. as to delivery. B. becomes bankrupt. A. cannot, in an action by C. to recover the barley, deny that he holds for C. on the ground that for want of specific appropriation, no property passed to B."

The foregoing principles are taken from the case of *Knights* v. *Wiffin*, which was decided by a full court in the Queen's Bench in 1870. Lang. Sel. Cases on Sales, 766. See, also, *Gillett* v. *Hill*, decided in the Exchequer, *Ibid.* 755; *White-house* v. *Frost*, decided in King's Bench, *Ibid.* 734; *Hawes* v. *Watson*, Queen's Bench, *Ibid.* 656; *Stonard* v. *Dunkin, Ibid.* 653; *Chapman* v. *Searle*, 3 Pick. 38.

The doctrine of estoppel by conduct, applies alike to the buyer and seller, and to sub-vendee and original vendor, as

James Robbins v. Washburn Chipman and W. H. Chipman.

well as to bailees, in whose possession the property was lodged at the time of sale. *Kimberly* v. *Patchin*, 19 N. Y. 330.

When a vendor appropriates the chattels sold to the vendee, the sale is complete, and the property passes to the purchaser. Benj. on Sales, § 360; *Merchants' Nat. Bank* v. *Bangs*, 102 Mass. 295; *Hatch* v. *Lincoln*, 12 Cush. 33–35; 2 Starkie on Ev. 489.

The question whether a sale has been completed or not rests in the intent of the parties, and such intent is always a question of fact for the jury. 1 Pars. on Con. 528; *DeRidder* v. *McKnight*, 13 John. 294; *Riddle* v. *Varmun*, 20 Pick. 284; *Rodee* v. *Wade*, 47 Barb. 53.

*Marshall & Royle,* for appellants.

We take the position, "that the goods sold must be ascertained, designated and separated from the stock or quantity, with which they are mixed before property can pass; and this position, well sustained as it is, must be, and is, conclusive of this case. *Hutchinson* v. *Hunter*, 7 Burr, 145; *Haldeman* v. *Duncan*, 51 Pa. 66; 2 Kent's Com. 640; *Ropely et al.* v. *Mackes et al.*, 6 Cowen, 250.

The above position is fully sustained by the following authorities, almost all of which are directly in point: 18 Pick. 305, 549; 6 Pick. 280; 13 Pick. 215; 24 N. H. 336; 34 N. H. 300; 9 Allen, 502, 498; 11 Cush. 573; 22 N. H. 172; 43 N. H. 141.

Benjamin on Sales, lays down the same doctrine in sections 311 and 312, and even more fully in section 352.

The distinction drawn by the last authorities, between the rules as applied to grain, flour and such articles, and that applied to horses, cattle, sheep, etc., is clearly defined, and the reason given therefor in the case cited by the respondents. *Kimberly* v. *Patchen*, 1971 N. Y. 330.

On the doctrine of estoppel, appellants also cite: Bigelow on Estoppel, 369, 370, 480, 531, 534, 535, 540, 549, 550; 1 Pars. on Con. (5 ed.) 527.

BOREMAN, J., delivered the opinion of the court:

This cause was before this court at the last June Term, and is reported in 1 Utah R. 335. It is now before us for rehearing, on petition.

The appellants were partners in the business of herding sheep, and had charge of some two thousand head, a portion of them belonging to and owned by themselves, and a portion owned by other people. One of the firm, William Henry Chipman, was indebted to the respondent, and contracted to pay him in sheep to the number of one hundred and forty-four, out of the flock then in charge of the partnership, but there was no change in the custody or possession of the sheep. William Henry Chipman, claiming to act on behalf of the firm, agreed with respondent to herd the one hundred and forty-four head of sheep. There was, however, no separation of th se from the main flock, and which of the main herd were conveyed or sought to be conveyed was never ascertained, nor did it appear by the contract; nor were the one hundred and forty-four head marked or designated in any manner so as to be identified. The sale was therefore not completed—something remained to be done. Until there was an ascertainment, designation or delivery of the sheep, the contract remained executory and not executed. No property in the sheep, therefore, passed to the respondent, whereby he was authorized to bring this suit. Benj. on Sales, §§ 310, 311, 452, et seq.

These sheep were in charge of a partnership. Every member of the firm has an interest in every part of the partnership property. So long as the sheep contracted to respondent by Wm. Henry Chipman, remained as undistinguishable parts of the whole herd, so long did the partnership have an interest in them, and that interest was unascertained until there should be a settlement between the members of the firm and a separation of the sheep. The act of one partner, therefore, in attempting to transfer the sheep for his individual debt, was an attempt to make the partnership liable for his debt. This could not be done except by consent of the other partners.

This consent was never sought or obtained, and hence the partnership is not bound.

We therefore see no reason for changing the judgment entered in this cause at our last June Term. Let judgment be entered accordingly.

SCHAEFFER, C. J., and EMERSON, J., concur.